PROB 12C
(Rev. 2011)

# United States District Court
for
Middle District of Tennessee

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: <u>Tazz Spencer Boles</u>  Case Number: <u>3:03-00201-01</u>

Name of Judicial Officer: <u>Honorable Todd J. Campbell, U.S. District Judge</u>

Date of Original Sentence: <u>November 18, 2005, Amended April 30, 2010</u>

Original Offense: <u>Ct. 2: 21 U.S.C. § 841(a)(1) Distribution of 5 Grams or More of Cocaine Base; Ct. 3: 21 U.S.C. § 841 (a)(1) Distribution with Intent to Distribute 5 Grams or More of Cocaine Base</u>

Original Sentence: <u>97 months' imprisonment and 4 years' supervised release, amended to 78 months' imprisonment</u>

Type of Supervision: <u>Supervised Release</u>  Date Supervision Commenced: <u>April 22, 2010</u>

Assistant U.S. Attorney: <u>Scarlett Singleton</u>  Defense Attorney: <u>Peter J. Strianse</u>

---

### PETITIONING THE COURT

■ To issue a Summons.
☐ To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
        (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons.
☐ Other

Considered this 20 day of Sept., 2013,
and made a part of the records in the above case.

_____
Honorable Todd J. Campbell
U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Jon R. Hahn
U.S. Probation Officer

Place   Columbia, TN

Date   September 19, 2013

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.    Nature of Noncompliance

1.    **The defendant shall not commit another federal, state or local crime:**

On September 16, 2013, Tazz Spencer Boles was arrested for Schedule VI Drugs: 1/2 Ounce-10 lb Marijuana/Hash<=2 lbs. On June 6, 2013, the Sumner County Grand Jury Indicted and issued a Capias for Mr. Boles arrest, Docket Number 83CC1-2013-CR-413. The Indictment states, on July 30, 2012, Mr. Boles did unlawfully sell a Schedule VI controlled substance, to-wit: Marijuana, in an amount not less that one-half ounce. This officer contacted the Task Force who advised this case involved Mr. Boles selling one ounce of marijuana. Mr. Boles was released after posting bond.

**Compliance with Supervision Conditions and Prior Interventions:**

Tazz Spencer Boles began his term of supervised release on September 14, 2010. His term of supervision expires on September 13, 2014.

**Update of Offender Characteristics:**

Mr. Boles lives with his uncle and is currently employed.

**U.S. Probation Officer Recommendation:**

It is respectfully requested that a summons be issued for Tazz Spencer Boles to appear before the Court to answer to the violation behavior outlined above.

The U.S. Attorney's Office is agreeable with this recommendation.

Approved /s/ W. Burton Putman  
W. Burton Putman  
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. TAZZ SPENCER BOLES, CASE NO. 3:03-00201

**GRADE OF VIOLATION:** A  
**CRIMINAL HISTORY:** II

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003   PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 3 years (Class B fel.) 18 U.S.C. § 3583(e)(3) | 15-21 months | No recommendation |
| SUPERVISED RELEASE: | 4-5 years less any term of imprisonment 18 U.S.C. 3583(h) | 4-5 years 5D1.2(a)(1) | No recommendation |

**Statutory Provisions:** When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

Pursuant to 18 U.S.C. § 3583(g)(1), if the defendant possesses a controlled substance, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

**Guideline Policy Statements:** Pursuant to the Revocation Table located at U.S.S.G. § 7B1.4(a), a Grade A violation (1), with a Criminal History Category of II results in a 15 to 21 months' custody range. Upon a finding of a Grade A or B violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(1).

Respectfully Submitted,

Jon R. Hahn  
U.S. Probation Officer

Approved:  
W. Burton Putman  
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Tazz Spencer Boles

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:03CR00201 - 1

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** 11 / 18 / 2005
                                     *month  day  year*

5. **Original District/Office**
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | Arrest for Drug Offense | A |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    A

9. **Criminal History Category** *(see §7B1.4(a))*    II

10. **Range of Imprisonment** *(see §7B1.4(a))*    15 - 21 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☒ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Tazz Spencer Boles

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____    Community Confinement _____

    Fine($)      _____    Home Detention         _____

    Other        _____    Intermittent Confinement _____

13. **Supervised Release**
    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: 4-5 years minus imprisonment

14. **Departure**
    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002